UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | | |
|---|---|---|
| BRIAN KEITH GLOVER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV214-151 |
| | ) | CR211-015 |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Pursuant to a plea agreement, Brian Keith Glover pled guilty to drug charges and cooperated with the Government in quest of a Government U.S.S.G. § 5K1.1 motion to reduce his sentence. The prosecutor refused to do so, however, after Glover had his Presentence Investigation Report (PSI) posted on Facebook. CR211-015, doc. 867 at 5. At sentencing, Glover contended that the prosecutor was obliged to file the § 5K1.1 motion. The Eleventh Circuit underscored, decades ago, that

> federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive, like race or religion. A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper

motive is not entitled to a remedy or to even an evidentiary hearing. Thus, judicial review is appropriate *only* when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation.

*United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 1993)

(quotes and cites omitted; emphasis added). Applying *Dorsey*, this Court overruled Glover's sentencing objection:

I find specifically that the Government does have a rationale and legitimate reason for not filing the § 5K1, and that is their knowledge that that Presentence Report was, at the direction of Mr. Glover, put up on Facebook. I find no evidence that there is any unconstitutional or illegitimate basis for the U.S. Attorney's decision not to go forward with a § 5K1. So I will not compel that that be done.

Doc. 810-2 at 12; *see also* doc. 781 (imposing a 240-month sentence).[1]

---

[1] "The district court has no jurisdiction to review whether the defendant in fact offered substantial assistance." *United States v. Mignott*, 278 F. App'x 997, 999 (11th Cir. 2008). It can only examine (and on narrow grounds at that) the basis for the prosecutor's decision. *United States v. Forney*, 9 F.3d 1492, 1502 (11th Cir. 1993) ("Judicial review is appropriate when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion.") (emphasis omitted); *see also United States v. Gonzalez*, 452 F. App'x 844, 846 (11th Cir. 2011) (district court lacked jurisdiction to compel government to file substantial assistance motion to reduce defendant's sentence for possession of stolen property shipped in interstate commerce, since government had not breached terms of defendant's plea agreement that did not address filing substantial assistance motion, and government had not acted with unconstitutional motive in refusing

2

Glover appealed, doc. 778, but that was dismissed pursuant to his plea agreement's direct and collateral appeal waiver. Doc. 838. He next invoked 28 U.S.C. § 2255 to seek judicial enforcement. Doc. 861. He also filed a "letter motion," essentially seeking the same relief. Doc. 863. The Government moved to dismiss Glover's § 2255 motion on the merits, because he waived his right to collateral review, and because it was untimely. Doc. 864. The Magistrate Judge's Report and Recommendation (R&R) took its cue from the Court's sentence-hearing ruling in advising against him (thus, reaching the merits but not the Government's other arguments): Glover made his bed with his Facebook posting, and the prosecutor's decision was not based on an unconstitutional motive (the only ground authorizing relief). Doc. 867 at 5-6. Noting no objection, the Court adopted that R&R. Docs. 931 & 932.

Glover correctly insists that he *did* timely file a Fed. R. Civ. P. 72(b)(2) Objection. Doc. 949 (citing doc. 882, *as amended*, doc. 883). The Court therefore grants his reconsideration motion, doc.

to file motion).

949, vacates its Order and Judgment adopting that R&R, docs. 931 & 932, and now reaches his Objection, doc. 883. He argues that, by applying the discretionary standard to compel § 5K1.1 motions, the Court failed to account for the Government's contractual obligation under his plea agreement. *See, e.g., id.* at 5 ("[T]he 'rational and legitimate reason' standard used by the Court is not a legal defense to breach of contract."). In conjuring a breach of contract, however, Glover obscures the facts.

Glover's plea agreement states that "[i]n the event that . . . [he] renders substantial assistance to the government . . . the government will file, pursuant to § 5K1.1, a motion for the Court to depart downward from the applicable sentencing guideline range." Doc. 502 at 4. Although that language is mandatory, the determination of whether any assistance provided was "substantial," thus triggering the obligation, "is a matter committed to the *sole discretion* of the United States Attorney." *Id.* (emphasis original); *see also* doc. 883 at 1-2 ("The Petitioner does not dispute that it is within the Government's sole discretion to determine whether or not his cooperation qualifies as

substantial assistance . . . ."). The contractual obligation is clearly conditional; the Government *would* move, *only if* it deemed, in its sole discretion, that the assistance Glover provided was "substantial."[2]

To create the appearance of a breach, Glover mischaracterizes the Government's determination of the quality of his assistance. He claims that "[Assistant United States Attorney Karl] Knoche confirmed that Petitioner did in fact[] provide the Government with *substantial assistance* on several matters." Doc. 883 at 2 (emphasis added). Actually, Knoche said "some assistance." Doc. 810-1 at 32. Even at that, Glover sank his ship with his Facebook posting. Knoche explained that he decided not to file a § 5K1.1 motion

> because of the obstructive conduct which the Government contends has been established at the sentencing hearing today. We take it as a very serious matter, the sort of activity which has been shown to have

---

[2] The conditional character of the Government's obligation under the Plea Agreement was also clearly articulated at the Rule 11 hearing. AUSA Karl Knoche explained that "[i]f the Government deems [Glover's assistance] to be substantial, the Government would file a motion pursuant to guideline § 5K1.1 asking the Court for a downward departure from the advisory guideline range." Doc. 809 at 16. Both Glover and his counsel confirmed that that statement was consistent with the agreement that they, respectively, signed and negotiated. *Id.* at 17.

occurred here, that that usefulness of a cooperator is very much negated when the Government has to launch separate investigations of unlawful conduct, improper conduct of the cooperating person, which also lends to concerns about the safety of other people who have cooperated.

So therefore, it really is, in a situation like this where there's obstruction, it's all or nothing. We considered the cooperation of Mr. Glover. And I will proffer what he did to the Court before sentencing is pronounced. He did provide *some assistance* to the Government.

And I will state that the Government would have filed a § 5K motion *but for* this activity which came to our attention back at the end of January.³ So we think that there is no contractual compulsion by the Government to file the § 5K, and we believe that there is a compelling reason for not doing it.

Doc. 810-1 at 31-32 (emphasis and footnote added).

The Government prevails here. It was contractually obligated to *consider* his assistance and file a § 5K1.1 motion if, in its sole discretion, it found it substantial enough. Knoche concluded that the Facebook posting negated Glover's substantial assistance to the point of excusing that obligation. Glover has failed to show

---

³ This sentence supports Glover's "substantial assistance" assertion. Knoche had just said "some assistance," but he must have meant "substantial assistance" when he concluded that, *but for* the Facebook posting, Glover would have met the § 51K.1 threshold.

6

that Knoche's reason is constitutionally impermissible, like racial animus, etc. And

> a claim that a defendant merely provided substantial assistance, even when coupled with additional but generalized allegations of improper motive, will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Instead, a defendant must provide an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation.

*United States v. Johns*, 548 F. App'x 581, 584 (11th Cir. 2013) (quotes and cites omitted); *see also id.* (rejecting breach-of-contract argument, despite mandatory language in plea agreement, because "the government here determined that [defendant's] cooperation did not amount to substantial assistance, [thus] it did not breach any express promise to file a downward departure motion.").

Glover attempts to characterize the Government's motive as impermissible retaliation against his free expression, but he cites no authority, nor has this Court located any, ladling First Amendment rights into the "constitutionally impermissible motivation" zone. And it is undisputed that it does not assist the

7

criminal adjudicative process to publicly disseminate PSIs, which often contain sensitive information (indeed, they are not even filed on this Court's public docket).

In any event, Glover's argument is barred by his collateral waiver, as set forth in the Government's dismissal brief, doc. 864 at 6-7 (citing doc. 502 at 8 (collateral attack waiver except for grounds inapplicable here); doc. 809 at 17-18 (plea colloquy reflecting Glover's statement under oath that he understood his waiver)).[4] *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993); *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *Taylor v. United States*, 2016 WL 742118 at *3 (S.D. Ga. Feb. 24, 2016) (waivers will be enforced if "(1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver.") (quotes and cite omitted). Glover's

---

[4] In light of this result, it is not necessary to reach the Government's untimeliness argument. Doc. 864 at 3-6.

8

only defense against waiver is his unavailing breach-of-contract argument.[5] *See* doc. 883 at 6-7.

To summarize, the Court GRANTS Glover's reconsideration motion, doc. 949, VACATES its February 5, 2016 Order and Judgment, docs. 931 & 932, and GRANTS in part the Government's dismissal motion. Doc. 864. Accordingly, the Court DENIES Glover's § 2255 motion (doc. 861), as well as his letter-motion (doc. 863).

SO ORDERED, this ___ day of _____, 2017.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[5] He correctly notes that an appellate waiver "stands or falls with the rest of the bargain." *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011) (quotes and cite omitted); doc. 883 at 7. The bargain was kept here, so his double waiver stands with it. *See also United States v. Whitlow*, 287 F.3d 638, 640-41 (7th Cir. 2002) (appeal waiver can be disregarded only if the prosecutor's breach is "so serious that it entitles the defendant to cancel the whole plea agreement"; otherwise, "[t]he only potentially effective remedy when a defendant breaks a promise not to appeal is to allow the prosecutor to withdraw some concessions," thus exposing the defendant "to steps that can increase the sentence."), cited in *Silva v. United States*, 2011 WL 5592765 at * 4 (S.D. Ga. Nov. 6, 2011).